**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALFONSO DAVENPORT                                                                                    PLAINTIFF

v.                                           No. 5:05CV00213 JLH

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS, et al.                                                           DEFENDANTS

## OPINION AND ORDER

Alfonso Davenport has brought suit against the Board of Trustees of the University of Arkansas as well as Lawrence A. Davis, Jr., Willie Gilmore, and Elbert Bennett, both individually and in their official capacities as representatives of the University of Arkansas at Pine Bluff. Pursuant to 42 U.S.C. §§ 1981 and 1983, Davenport alleges that the defendants deprived him of rights guaranteed him by the First and Fourteenth Amendments to the United States Constitution, specifically the right to free speech and the right to due process. Davenport further alleges that he has been a victim of racial discrimination and retaliation in violation of 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964). Davenport has also brought a state-law tort claim of outrage. Davenport seeks an order directing the defendants to promote him, compensatory and punitive damages against the defendants, as well as costs and attorney's fees. Before the Court is the defendants' motion for judgment on the pleadings. For the following reasons, that motion is granted.

**I.**

A court analyzes a motion for judgment on the pleadings under the same standards as a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). *St. Paul Ramsey County Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1187 (8th Cir. 1988); *Jones v. Clinton*, 974 F. Supp. 712, 718 (E.D. Ark. 1997). In ruling on a Rule 12(b)(6) motion to dismiss, the court construes the complaint

in the light most favorable to the plaintiff and accepts the allegations in the complaint as true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)). "'[A]s a practical matter, dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003) (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir.1997)). In other words, a motion to dismiss should be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Schmedding*, 187 F.3d at 864. "At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

## II.

The complaint alleges that Davenport is employed as Public Safety Officer II at the University of Arkansas at Pine Bluff, where he has been employed for the past twenty-four years. The complaint further alleges that Lawrence Davis is the Chancellor of UAPB, Willie Gilmore is in charge of the Department of Public Safety at UAPB, and Elbert Bennett is the Assistant to the Chancellor at UAPB and has served as the Chairperson for the Search Committee for the Director of the Public Safety Department. According to the complaint, Davenport spoke publicly, including with the Arkansas State Police, about allegedly illegal activities that were taking place within the UAPB Department of Public Safety that involved Donnie Savage, then Davenport's "Chief." The

complaint claims that as a result, Davenport has been humiliated in the workplace by the defendants, and that the defendants have denied Davenport due process and an opportunity for advancement in retaliation for his speech on this matter.

On July 15, 2005, Davenport filed this claim. On April 12, 2007, the defendants filed a motion for judgment on the pleadings arguing that the claim of outrage and those arising under 42 U.S.C. §§ 1981, 1983 fail as a matter of law as to the University of Arkansas Board of Trustees as well as to Davis, Gilmore, and Bennett in their official capacities. The motion further argues that the Title VII claims against Davis, Gilmore, and Bennett in their individual capacities should be dismissed. Davenport has failed to respond to this motion. On May 3, 2007, the Court sent plaintiff's counsel a letter inquiring whether Davenport planned to oppose the motion and requesting a response within five business days. Davenport has yet to respond.

**III.**

Davenport's claim of outrage and those arising under 42 U.S.C. §§ 1981, 1983 against the University of Arkansas Board of Trustees and against Davis, Gilmore, and Bennett in their official capacities are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars any suit against a state in federal court unless the state has consented to suit or Congress has unambiguously abrogated the states' Eleventh Amendment immunity. *See, e.g.*, *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-56, 116 S. Ct. 1114, 1122-23, 134 L. Ed. 2d 252 (1996) ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" (quoting *Hans v. La.*, 134 U.S. 1, 15, 10 S. Ct. 504, 507, 33 L. Ed. 842 (1890))). In the context of Eleventh Amendment immunity, a lawsuit against the University of Arkansas Board of Trustees is a lawsuit against the State of Arkansas. *See Dover Elevator Co. v.*

*Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995); *Assaad-Faltas v. Univ. of Ark. for Med. Scis.*, 708 F. Supp. 1026, 1029-30 (E.D. Ark. 1989).  Additionally, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (citation omitted).  Therefore, the Eleventh Amendment bars any suit against the University of Arkansas Board of Trustees or against Davis, Gilmore, and Bennett in their official capacities unless the State of Arkansas has consented to suit or Congress unambiguously abrogated the Arkansas's Eleventh Amendment immunity.

With respect to Davenport's claim of outrage and those arising under 42 U.S.C. §§ 1981, 1983, neither of those conditions apply.  States are entitled to Eleventh Amendment immunity from claims brought under 42 U.S.C. § 1981.  *Singletary v. Mo. Dep't. of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005) ("We agree with our sister circuits and conclude that the [State] is immunized from any claim . . . brought under § 1981.").  Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983.  *Will*, 491 U.S. at 66, 109 S. Ct. at 2309-10; *Hadley v. N. Ark. Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) ("Section 1983 does not override Eleventh Amendment immunity.").  An outrage claim seeking damages is also barred by the Eleventh Amendment.  *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 3107, 87 L. Ed. 2d 114 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.").  Accordingly, the § 1981, § 1983, and outrage claims against the University of Arkansas Board of Trustees and against Davis, Gilmore, and Bennet in their official capacities are dismissed.

Additionally, Title VII prohibits only unlawful employment discrimination and retaliation practices by "employers."  42 U.S.C. § 2000e-2 (2000).  The Eighth Circuit has concluded that

"supervisors may not be held individually liable under Title VII." *Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000). "The consensus of [other Circuit Courts of Appeal] is that Title VII actions brought against individual employees are against those employees in their 'official' capacities . . . ." *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 380 (8th Cir. 1995). The Eighth Circuit has also held that co-workers may not be held liable in their individual capacities under Title VII. *Id.* Davis, Gilmore, and Bennett are not nor have they ever been Davenport's "employer," but rather only his supervisors and co-workers. Davenport's Title VII claims against them in their individual capacities therefore fail as a matter of law.

## CONCLUSION

The defendants' motion for judgment on the pleadings is granted. Document #18. Davenport's claim of outrage and those arising under 42 U.S.C. §§ 1981, 1983 against the Board of Trustees of the University of Arkansas and against Lawrence A. Davis, Jr., Willie Gilmore, and Elbert Bennett in their official capacities are dismissed with prejudice. Davenport's Title VII claims against Davis, Gilmore, and Bennett in their individual capacities are also dismissed with prejudice. The following claims remain for trial: Davenport's § 1981, § 1983, and outrage claims against Davis, Gilmore, and Bennett in their individual capacities; and Davenport's Title VII claims against the University of Arkansas Board of Trustees and Davis, Gilmore, and Bennett in their official capacities.

IT IS SO ORDERED this 15th day of May, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE